## 16171.   GRANTHAM *v.* ROYAL INSURANCE COMPANY LIMITED.

1. A renewal of a retention-of-title note will not forfeit a policy of insurance which contains a condition against incumbrances, where the renewal note is for a lesser amount, covers the same property, is signed by the same payor, and in no way increases the hazard of the insurer. This is so for the reason that it is the same hazard of which the insurer had knowledge when the insurer assented to pay the loss to the insured's appointee.

2. Where an agent, authorized to issue and deliver policies in behalf of an insurance company, issues and delivers a policy insuring an automobile with knowledge that the automobile is not fully paid for, and that

it was purchased under a contract retaining title in the seller until full payment of the purchase price, knowledge of the agent is knowledge of the company, and delivery of the policy with such knowledge amounts to a waiver of a "warranty" in the policy that the automobile is fully paid for, and of the stipulation therein that the company shall not be liable if the interest of the assured in the property be other than unconditional ownership.

3. Limitations in an insurance policy upon the authority of agents of the company to waive the conditions of the contract of insurance are to be treated as referring to waivers made subsequently to the issuance of the policy.

DECIDED OCTOBER 6, 1925.

Complaint; from Irwin superior court—Judge Eve. November 1, 1924.

Application for certiorari was denied by the Supreme Court.

Grantham brought suit on an insurance policy against Royal Insurance Company Limited, because of the loss by fire of an automobile. The evidence showed that when Grantham purchased the automobile he gave a retention-of-title note for the full amount of the purchase-price, and that a few months thereafter he made a substantial payment on the automobile to the vendors and took up the retention-of-title note, and gave them a renewal retention-of-title note for the balance due.

At the time the automobile was purchased and the first retention-of-title note given, the automobile dealer gave Grantham a memorandum showing car number, serial number, motor number, amount due automobile dealer, and loss clause payable to automobile dealer. This memorandum was given to Grantham for the information of the insurance agent when writing a policy on the automobile, and within forty-five minutes thereafter Grantham handed this memorandum to the agent and requested him to issue the policy, which he did.

Upon the trial of the case it was shown that the contract of insurance provided that if the interest of the assured were "other than unconditional and sole ownership," or if the assured "concealed or misrepresented" any material facts, the policy was void and the company not liable thereon; and further provided that the contract embodied all the agreements between the parties, and that no agent of the insurance company had power to waive any of the terms of the policy (unless such waiver were written, etc.). The contract as written showed also that one of the war-

ranties made by the assured was that "the automobile described is fully paid for by the assured, and is not mortgaged or otherwise encumbered." The trial judge directed a verdict for the defendant, and plaintiff excepted.

*Eldridge Cutts, Jay & Garden, Quincey & Rice,* for plaintiff.

*Rogers & Rogers, King, Spalding, MacDougald & Sibley, Sibley & Sibley,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) 1. The taking up of the first retention-of-title note and the payment on the automobile and giving of the second note did not increase the hazard of the insurer, but, on the contrary, increased the interest of the insured and presumedly would make him more careful of the property insured. Both notes retained title in the dealer, covered the same property, and were signed by the same party, the assured. A renewal of a retention-of-title note will not forfeit a policy of insurance which contains a condition against incumbrances, where the renewal note is for a lesser amount, covers the same property, is signed by the same payor, and in no way increases the hazard of the insurer. "This is so for the reason that it is the same hazard of which the insurer had knowledge when it assented to pay the loss to the insured's appointee." See, in this connection, *Hartford Fire Ins. Co.* v. *Liddell Co.,* 130 *Ga.* 14 (60 S. E. 107, 14 L. R. A. (N. S.) 168, 124 Am. St. Rep. 157).

2. The following material evidence is uncontradicted: (1) that the contract provided that if the insured's property was incumbered or the assured made any misrepresentations, the policy was void; (2) that the contract provided that it embodied all the agreements between the parties, and that no agent of the insurance company had authority to waive any of them; (3) that the contract as written showed one of the warranties of the assured to be that the automobile was fully paid for; (4) that the automobile was not fully paid for, but that title to the same was retained by the vendors thereof; (5) that plaintiff, at the time he applied for the insurance on the automobile, delivered to the duly authorized agent of the defendant company the memorandum showing that the automobile was not fully paid for, and that the vendors of the automobile retained title thereto.

This evidence, being uncontradicted, must be accepted as true, and leaves but one question for determination: was the knowledge

of the agent as to the incumbrance of the automobile knowledge of the company, and did the company, by issuing the policy in the light of this knowledge, *waive* the breach of the terms of the policy above named?

The policy of our law generally is in opposition to forfeitures, and contracts "are to be so construed, if possible, as to avoid forfeitures and to advance the beneficial purposes intended to be accomplished." *Clay* v. *Phœnix Ins. Co.,* 97 *Ga.* 44 (1) (25 S. E. 417); Civil Code, §§ 3717, 4568.

In *Simon* v. *Mechanics Ins. Co.,* 31 *Ga. App.* 138 (2) (121 S. E. 343), this court held: "Where in such a case the agent authorized to issue and deliver the policy in behalf of the insurance company issues and delivers it with knowledge that the automobile is not fully paid for and was purchased under a contract retaining title in the seller until full payment of the purchase price, knowledge of the agent is knowledge of the company, and delivery of the policy with such knowledge amounts to a waiver of a 'warranty' in the policy that the automobile is fully paid for, and of the stipulation therein that the company shall not be liable if the interest of the assured in the property be other than unconditional ownership." See also pages 139, 140 (2), and cases cited. But it is insisted by the defendant in error that under the contract the agent had no authority to waive any of the terms thereof. This contention is without merit in the case under consideration, because the agent of the defendant company had notice of the incumbrance at and before the issuance of the policy, and the waiver was made upon delivery of the policy, and not subsequent thereto; and "limitations in an insurance policy upon the authority of the agent of the company to waive the conditions of the contract of insurance are to be treated as referring to waivers made subsequently to the issuance of the policy. . . True, the policy states on its face that no agent has the power to waive any of the conditions of the policy, and that none of them will be deemed to have been waived unless such waiver is attached to or endorsed upon the policy in writing. But this is not a question of waiver, so much as of notice and estoppel. The agent's knowledge, as has been seen, is the company's knowledge. In spite of the assertion in the policy that the contract shall be void if the ownership of the property is of a given character, the

policy has been issued with notice to the company that the owner-ship is of that character. Regardless of any question of waiver, then, the company has placed itself in a position where it would be inequitable to allow it to make the defense which it seeks." *Johnson* v. *Ætna Ins. Co.*, 123 *Ga.* 404 (2), 410 (51 S. E. 339, 107 Am. St. Rep. 92). "It is well settled that where an agent who is authorized to issue and deliver policies in behalf of an in-surance company issues and delivers a policy with knowledge of the true state of the title, the knowledge of the agent is knowledge of the company, and the delivery of the policy with such knowl-edge amounts to a waiver of conditions relating to the existing state of the title." *Mechanics & Traders Ins. Co.* v. *Mutual &c. Asso.*, 98 *Ga.* 266 (25 S. E. 458). In the case under considera-tion the assured, at the time he applied for the insurance and gave the agent notice of the retention of title, also paid the premium, and "it will be presumed *conclusively,* when, with knowledge that there was a mortgage upon the property, it (the insurance com-pany) nevertheless issued the insurance and accepted the premium, that it intended to waive the condition in question, and which would have the effect, otherwise, to render the policy void" (italics ours). *Clay* v. *Phœnix Ins. Co.*, supra. See also headnotes on page 44. "Stipulations and conditions in a policy of fire insur-ance that it shall be void, unless such and such things are true, are waived, where the company's agent by whom the policy was delivered to the insured knew at and before the time of making the delivery all the facts to which the stipulations and conditions related, and where the company made no effort to void the policy until after notice of a loss thereunder. *Mechanics & Traders Ins. Co.* v. *Mutual Real Estate & Building Asso.*, 98 *Ga.* 262 (1) (25 S. E. 457)." *Girard Fire & Marine Ins. Co.* v. *Carter,* 32 *Ga. App.* 3 (2) (122 S. E. 649). See also *Athens Mutual Ins. Co.* v. *O'Keefe,* 133 *Ga.* 792 (1) (66 S. E. 649).

To hold that an insurance company could collect the premium for a policy, and then with full knowledge of the true facts embody a false warranty in the policy which would render the policy void and useless to the assured, would open the way for fraudulent transac-tions. Neither should an insurance company be allowed to reap a benefit from its own mistake. The real negligence in this case devolves upon the insurance company, because of the failure of

its duly authorized agent to properly issue the policy in conformity to the memorandum furnished him by the insured. Under the facts of this case and the decisions hereinbefore referred to, the company waived the breach of the said conditions embodied in the policy, and the trial judge erred in directing a verdict for the defendant company.

"The ruling here made does not conflict with that made in the case of *Conyers* v. *Yorkshire Ins. Co.,* 30 *Ga. App.* 6 (117 S. E. 102). It was there held that notice to a person, *alleged to have been associated in some way with the local agent of the insurance company,* that the insured was not the unconditional owner of the automobile insured, was not notice to the insurance company. Whereas, in the instant case, *the defendant's agent who took the application and procured and delivered the policy and received payment therefor knew, when the policy was issued and delivered, that the insured was not the unconditional owner of the automobile insured."* *Simon* v. *Mechanics Ins. Co.,* 31 *Ga. App.* 142 (121 S. E. 344).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*