16258.   AMERICAN NATIONAL INSURANCE Co. *v.* FLOYD.

JENKINS, P. J.  This case is controlled by the decisions rendered by the Supreme Court in *New York Life Insurance Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E. 183), and *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843 (98 S. E. 469).  In the *Patten* case the rule there laid down is distinguished from the rule in cases where the contract of insurance contained no express limitation upon the power of the agent, and in cases dealing with fire-insurance policies where the agent has power to issue the policy.  The defendant in error relies mainly upon the ruling made in *Supreme Lodge Knights of Pythias* v. *Few,* 138 *Ga.* 778, 784 (76 S. E. 91).  In the *Hightower* case, supra, the *Few* case is considered and held not to be in conflict with the rule there announced. See also *Puckett* v. *Metropolitan Life Ins. Co.,* 32 *Ga. App.* 263 (122 S. E. 791); *Penn Mutual Life Ins. Co.* v. *Blount,* 33 *Ga. App.* 642 (127 S. E. 892).  The court erred in not sustaining the general demurrer to plaintiff's petition.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 24, 1925.

Complaint; from Floyd superior court—Judge Wright.  January 10, 1925.

Application for certiorari was made to the Supreme Court.

The policy of life insurance sued on contains the following provision: "This policy is issued upon an application which omits the warranty usually contained in applications, and contains the entire agreements between the company and the insured and the holder and owner thereof.  All statements made by the insured in the application herefor shall, in the absence of fraud, be deemed representations and not warranties.  Its terms can not be changed or conditions varied, except by a written agreement, signed by the President, or Secretary.  Therefore agents (which term includes superintendents and assistant superintendents) are not authorized

and have no power to make, alter, or discharge contracts, waive forfeitures, or receive premiums on policies in arrears more than four weeks, or to receipt for same in the receipt book, and all such arrears given to an agent shall be at the risk of those who pay them, and shall not be credited upon the policy, whether entered in the receipt book or not." It further provides that "no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." It appears from the petition as amended that the assured was in bad health at the time the policy was solicited, issued, and delivered, but that the agent of the company who solicited and delivered the policy knew this fact throughout this entire period; and it is contended that such knowledge of the defendant's agent was knowledge of the company; that by reason of such knowledge it waived the condition of the policy providing that the assured must be in sound health when the policy was delivered, and that it was estopped from pleading this provision as a defense. The court overruled a general demurrer to the petition.

*Maddox, Matthews & Owens,* for plaintiff in error.
*Porter & Mebane,* contra.