16491.   AMERICAN NATIONAL INSURANCE COMPANY *v.* POTTS.

STEPHENS, J.   1.   An insured person who, upon the date of making application for life insurance and upon the date of the issuance of the policy, was suffering from tuberculosis of the throat, and who was, to all appearances, in bad health, and who died within twenty-one days thereafter, was not in sound health at the date of the issuance of the policy.

2. Where a policy of life insurance provides that "no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health," notice to the agent who delivered the policy of the sickly condition of the insured at the time of the issuance and delivery of the policy, which condition was unknown to any other official of the company, was insufficient to constitute a waiver by the company of the above quoted provision of the policy, where, by the terms of the policy, the powers of the agent delivering the policy were expressly limited and the agent had no power to waive any of its provisions, the limitations upon the agent's authority being contained in the policy in the following terms:  "All statements made by the insured in the application herefor shall, in the absence of fraud, be deemed representations and not warranties.  Its terms can not be changed or conditions varied, except by a written agreement signed by the president or secretary.  Therefore agents (which term includes superintendents and assistant superintendents) are not authorized and have no power to make, alter or discharge contracts, waive forfeitures, or receive premiums on policies in arrears more than four weeks, or to receipt for same in the receipt book, and all such arrears given to an agent shall be at the risk of. those who pay them, and shall not be credited upon the policy, whether entered in the receipt book or not."  *Reliance Life Ins. Co.* v. *Hightower*, 148 *Ga.* 843 (98 S. E. 469); *American National Ins. Co.* v. *Floyd*, 34 *Ga. App.* 541 (130 S. E. 531).

3. In a suit by the beneficiary named in the policy, to recover under the policy against the insurer for the death of the insured, where it appears undisputed that the insured was not in sound health, as indicated in

Life Insurance, 37 C. J. p. 405, n. 45, 68.
New Trial, 29 Cyc. p. 835, n. 66.

paragraph one of the syllabus, which condition was patent and known both to him and to the beneficiary at the time of the application for insurance and at the time of the issuance of the policy, a verdict for the defendant was demanded. A verdict having been rendered for the plaintiff, the trial court erred in not sustaining the defendant's motion for a new trial upon the general grounds.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 13, 1926.

Complaint; from city court of Floyd county—Judge Bale. April 8, 1925.

*Maddox, Matthews & Owens,* for plaintiff in error.

*Porter & Mebane,* contra.