## 20957. METROPOLITAN LIFE INSURANCE COMPANY *v.* ALEXANDER, administrator. ·

DECIDED MAY 15, 1931. REHEARING DENIED JUNE 15, 1931.

*William L. Clay,* for plaintiff in error.

*Spence M. Grayson, H. Mercer Jordan,* contra.

JENKINS, P. J. It is conceded that the only question presented by this case is whether the beneficiary of an insured, who, the record discloses, was seriously afflicted with nephritis or Bright's disease and was under the care of a physician and drawing sick benefits from another company at the time the application for insurance was made and the policy issued, can claim an estoppel on the part of the defendant company by reason of the fact that the agent of the company soliciting the policy had knowledge of such facts and condition at the time the policy was issued and delivered, where by the terms of the policy it was provided that the entire agreement was embodied within its terms, which could not be changed or its conditions waived, except by express agreement of the company, evidenced by the signature of its president or secretary; and that agents (including managers and assistant managers) were not authorized and had no power to make, alter, or discharge contracts, to waive forfeitures, or to receive premiums on policies more than four weeks in arrears; and where the terms of the policy itself further provided that if the insured was not alive and in sound health on the date of the policy, . . or before such date had had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, . . there should be no liability. *Held:* This case is controlled by the decisions of the Supreme Court in the case of *New York Life Ins. Co.* v. *Pallen,*

151 *Ga.* 185 (106 S. E. 183), and *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843 (98 S. E. 469). In the *Patten* case the rule laid down is distinguished from the rule in cases where the contract of insurance contains no such limitation upon the power and authority of agents, and from the cases dealing with fire-insurance policies, where the agent himself has power to sign and issue the policies. In *Puckett* v. *Metropolitan Life Ins. Co.,* 32 *Ga. App.* 263 (122 S. E. 791), this court, in following the *Patten* case, suggested that certain prior decisions by this court appear to have been superseded by the ruling in that case. See also *American National Ins. Co.* v. *Floyd,* 34 *Ga. App.* 541 (130 S. E. 531); *American National Ins. Co.* v. *Potts,* 35 *Ga. App.* 32 (132 S. E. 142); *Harris* v. *Bankers Health & Life Ins. Co.,* 40 *Ga. App.* 678 (150 S. E. 856). Accordingly, there being no dispute as to the facts in the instant case, either as to the condition of the insured at the time the policy was dated and issued or as to the provisions of the policy excluding liability by virtue of such condition, or as to the provision of the policy limiting the power and authority of the agent, the verdict in favor of the plaintiff was not authorized by law.

*Judgment reversed. Stephens and Bell, JJ., concur.*