ARONOFF *et al.* v. UNITED STATES FIRE INSURANCE COMPANY OF NEW YORK.

98

No. 9457.   December 15, 1933.

*Barry Wright,* for plaintiff.

*Smith, Smith & Bloodworth* and *Wright & Covington,* for defendant.

BELL, J. The court did not err in sustaining the general demurrer. Upon a proper construction of the petition, it appears that the policy of insurance was in the possession and control of the plaintiffs, and was not made accessible to the insurance company or its agent for the purpose of indorsing thereon or attaching there-

to the alleged waiver of the provision against a change of title or possession by legal process. The plaintiffs are relying upon an alleged waiver of this condition; and under the language of the contract such waiver, in order to become effective, had to be indorsed thereon or attached thereto. While the stipulation against a change of interest, title, or possession by legal process was subject to be waived by "agreement endorsed hereon or added hereto," it was further provided that "no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement, endorsed hereon or added hereto; and as to such provisions and conditions, no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." If the words "added hereto," as used in either instance, could be said to be ambiguous in themselves, the ambiguity was removed by the further stipulation to the effect that no waiver could be "added" unless the same "shall be written upon or attached hereto." The alleged custom as to the manner of executing waivers was inconsistent with the plain and unambiguous terms of the contract, and thus did not strengthen the plaintiffs' case, the meaning of the words "written upon or attached hereto" being so clear and manifest as not to admit of construction, or of variation by proof of an alleged custom. *Vardeman* v. *Penn Mutual Life Ins. Co.,* 125 *Ga.* 117 (2) (54 S. E. 66, 5 Ann. Cas. 221). *Mays* v. *Hankinson,* 31 *Ga. App.* 473 (3) (120 S. E. 793). The present case is distinguished from *Corporation of the Royal Exchange Assurance* v. *Franklin,* 158 *Ga.* 644 (124 S. E. 172), since in the case at bar the agent who promised to make the necessary endorsement did not have access to the policy for this purpose. · Accordingly, the failure of the agreement to endorse or attach the waiver appears to have been due solely to inaction or neglect on the part of the plaintiffs, and there was no estoppel against the company.

Counsel for the plaintiffs cited several decisions by courts of other jurisdictions, and all of these have been carefully considered. We have also re-examined the foreign decisions cited in the first

division of the opinion in the *Franklin* case. After giving due weight to these authorities, we are still of the opinion that the petition in the present case failed to show an estoppel against the company. In *Hutson* v. *Prudential Ins. Co., 122 Ga.* 847 (50 S. E. 1000), it was held that the principal may qualify the authority even of a general agent, and will not be bound by the act of such agent beyond the scope of his authority, where the person dealing with such agent had notice of the limitation. While the decision in that case was in reference to a policy of life insurance, and there is some "distinction between the powers of agents of fire and life companies" (*New York Life Ins. Co.* v. *Patten, 151 Ga.* 185, 106 S. E. 183), it is the settled rule in this State that where a policy of fire insurance expressly limits the power of the company's agent, there can be no waiver as to matters occurring subsequently to the issuance of the policy, except in accordance with its provisions. *Lippman* v. *Ætna Ins. Co., 108 Ga.* 391 (33 S. E. 897, 75 Am. St. R. 62); *Johnson* v. *Ætna Ins. Co., 123 Ga.* 404 (2) (51 S. E. 339, 107 Am. St. R. 92). The plaintiffs were presumably aware of all of the terms and conditions of the policy issued to them; and they were necessarily put upon notice that the agent could not *thereafter* waive any of the stipulations of the contract except in the manner therein stated. They were thus charged by the contract with knowledge that the agent was offering to exceed his authority when he promised to make the waiver in some other manner than by a writing endorsed thereon or attached thereto. Furthermore, the agent merely promised the plaintiffs to do an act in the future, although in the near future. In *Fields* v. *Continental Ins. Co., 170 Ga.* 28 (2 *b*) (152 S. E. 60), it was held in effect that the doctrine of estoppel by representation is ordinarily applicable only to representations as to facts either past or present, and not to promises concerning the future, which, if binding at all, must be binding as contracts.

In view of the foregoing principles, it is our opinion that under the facts alleged the plaintiffs did not state a case of estoppel, in the absence of anything to show that the policy was accessible to the agent and that he failed to endorse or attach the waiver without any fault or negligence on the part of the plaintiffs. There is no question as to the validity of the stipulation that the policy would become void at the option of the insurer in case of any change in

the title or possession by legal process. See *McCoy* v. *St. Paul Fire &c. Ins. Co.*, 41 *Ga. App.* 586 (153 S. E. 796), and cit. The petition failed to state a cause of action, and the general demurrer was properly sustained.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent, and Hill, J., absent for providential cause.*