29291. ASKEW *v.* MARYLAND INSURANCE COMPANY.

DECIDED JANUARY 24, 1942.

*Howard, Tiller & Howard,* for plaintiff.

*Smith, Smith & Bloodworth, Estes Doremus,* for defendant.

FELTON, J. J. C. Askew sued the Maryland Insurance Company on a policy of fire insurance. The court directed a verdict for the company. The exception is to the overruling of the plaintiff's motion for new trial.

The policy contained the following provisions: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . if the building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days. . . This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed

on the back hereof, which are hereby specially referred to and made a part of this policy; together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The policy was a renewal of one which had been issued the year before. The plaintiff testified that the term of the policy was from February 1, 1940, to February 1, 1941; that at the time the policy was issued and delivered the property was vacant; that the policy was delivered on February 6, 1940; that the property had been vacant since December, 1939; that at the time of the delivery of the policy by one Daniel, he told him that the property was vacant and would so remain until June, 1940, and that he would not pay for the insurance unless the company would insure vacant property; that Daniel then took his money and gave him the policy; that the insured property was destroyed by fire on April 15, 1940, at which time it was vacant. Holbrook, the agent of the company, testified that Daniel was not working with his agency, but delivered the policy as a courtesy to him, Holbrook, and that Holbrook had never been notified that the property was vacant.

Conceding, but not deciding, that the delivery of the policy and the receipt of the money by Daniel constituted him the agent of the company, the question for decision is whether or not under these circumstances the company had waived the occupancy warranty in the policy. While it is true that it has been many times held that limitations on the power of the agent to waive the conditions of the contract refer to waivers made subsequently to the issuance of the policy, it is also true that the agent's authority to waive conditions of the contract of insurance is confined to those conditions which enter into the validity of the contract at its inception. *Mechanics &c. Insurance Co.* v. *Mutual Real Estate &c. Associa-*

*tion,* 98 *Ga.* 262, 266 (25 S. E. 457) ; *Johnson* v. *Ætna Insurance Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92). A vacancy at the time of the issuance and delivery of the policy would not have invalidated the policy, because the terms of the policy permitted a vacancy for ten days from the effective date of the policy. Therefore notice to the agent that the property was vacant was immaterial. The provision was effective whether the agent knew of the vacancy or not. The question is whether the knowledge of the agent that the property would be vacant beyond the ten days, and after the policy was delivered and after its terms became effective and operative, operated as a waiver, estoppel, or binding agreement. We do not think that such notice would be binding on the company for any reason. Contracts of fire insurance are required to be in writing. When the policy is delivered its terms become binding on the parties. An agent has no authority to make an oral agreement at the time the policy is issued which is contrary to the explicit terms of the policy. He has no such authority after the policy is issued.

To hold that an agent's notice of a condition which would occur in the future, and which would invalidate a policy after its delivery, would be binding on the company for any reason would be equivalent to holding that an agent by agreement or knowledge of facts might alter the written provisions of a contract of insurance. For instance, under such a holding, an insured could tell an insurance agent that after delivery of a policy he intended to transfer his title, or encumber the property, or store prohibited articles, or fail to comply with essential provisions, and the company would be bound by the agent's knowledge. Such a holding would rob the written contract of all the safeguards the law has placed around it, and in effect rewrite every insurance policy to fit the oral agreements and knowledge of the agents. The occupancy warranty in this case became effective at least upon the delivery of the policy, which was within ten days of its date of issuance. The insured was on notice that the agent had no authority to make any agreement or accept any knowledge which could change the contract after it became effective. We are familiar with the principle that knowledge on the part of the agent of a condition which affects the binding effect of the policy on the company at the time it is to go into effect is binding on the company. We do not have such

a case here. The occupancy warranty was breached in this case. See England *v.* Westchester Fire Insurance Co., 81 Wis. 583 (51 N. W. 954, 29 Am. St. R. 917); 96 A. L. R. 1266. The court did not err in directing the verdict for the company or in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*