*Dorsey Davis* and *W. T. Ray,* for plaintiff in error.

*J. T. Sisk,* contra.

## WOOD *v.* CLAXTON et al.

JENKINS, Presiding Justice. The plaintiff by her petition sought an accounting as to the amount due the defendant, which, it was alleged, was secured by a deed absolute in form, attached to her petition, but which deed, she alleged, it was understood and agreed, at the time the deed was signed, was to operate as a security deed only, with the plaintiff grantor remaining in possession of the premises. The petition asked that the deed be cancelled upon the payment of the amount due to the defendant. These allegations, as to the execution of the deed absolute in form but with the understanding above set forth, were not stricken; but on the trial the plaintiff testified that a deed prepared by the defendant was submitted to her, which showed on its face that it was a security deed only, and that she signed the warranty deed, afterwards fraudulently substituted by the defendant, thinking that it was the same instrument as the one which had been previously presented to and read by her. The court charged the jury fully on the issue as to whether it was understood that the deed, absolute in form, had been understood and agreed to be a security deed only, and instructed them that, if such had been the fact and the defendant remained in possession of the property, she was entitled to prevail in her contention. Error was assigned because the court failed to charge, on its own motion and without request the contention of the plaintiff in her evidence that the execution of the deed was procured by fraud, in that the deed actually signed was fraudulently substituted for the one which had previously been presented and read by the petitioner. *Held:*

1. Solemn admissions in judicio as made in the pleadings are conclusive against the party making them, unless formally withdrawn from the pleadings, in which event they still may be given such credence and effect as the jury, under the circumstances, may feel to be warranted.

*Lydia Pinkham Medicine Co.* v. *Gibbs,* 108 *Ga.* 138 (33 S. E. 945). See also cases cited in Enc. Dig. of Georgia Reports, vol. 5, p. 336. Accordingly, the plaintiff was conclusively bound by her primary contention, as set forth in her pleading and not withdrawn, that the deed was executed in the form of an absolute deed though with the understanding and agreement that it was to be treated as in effect a security deed, and that the plaintiff was to retain possession of the premises.

(a) Moreover, while the courts have many times made general statements to the effect that it is the duty of the judge, whether requested or not, to give to the jury proper instructions on every theory of the case presented by the evidence, these statements, however, being ofttimes to the effect that it is his duty to instruct the jury on all questions presented by the pleadings and the evidence (see Enc. Dig. of Georgia Reports, vol. 7, p. 617), and, while it is true that, where evidence not authorized under the pleadings but relating to the same cause of action is admitted without objection, it can be considered by the jury (*Napier* v. *Strong,* 19 *Ga. App.* 401, 405, 91 S. E. 579, and cases cited), it has been held by this court that the trial judge is not bound, on his own motion and without request, to charge the jury on a wider range of the case than that made by the pleadings, even though the evidence might warrant it had the pleadings been amended to so authorize. *Doggett* v. *Simms,* 79 *Ga.* 253 (3) (4 S. E. 909); *York* v. *Stonecypher,* 181 *Ga.* 435, (182 S. E. 850); *McLean* v. *Mann,* 148 *Ga.* 114 (2) (95 S. E. 985); *Cordele Sash, Door & Lumber Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (2) (58 S. E. 860); *Jones* v. *Hogans,* 197 *Ga.* 404 (29 S. E. 2d, 568). Accordingly, for the reason first above set forth, and for the additional reason set forth in subsection (a), special grounds 1 and 2 of the amended motion for new trial, excepting to the failure of the judge to charge on a theory contrary to the pleadings but embodied in the evidence, are without merit.

2. Special ground 3 of the amended motion complains because the court charged the Code, § 20-702, which sets forth that, "the cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction;" the contention being that the deed was unambiguous and absolute on its face and needed no construction, and that the effect of charging this Code section was to instruct the jury to enforce the deed according to its terms. This exception would be well founded had not the court otherwise fully and fairly instructed the jury that the deed would not be enforced as written, if there had been an understanding or agreement at the time it was written that it was to constitute a security deed only, and that the plaintiff was to retain possession of the premises. In other words, the court instructed the jury that the deed would be enforced as written, that is, as an absolute deed, unless the plaintiff proved her contention as to the contemporaneous agreement. The same reasoning applies to special ground 4.

3. Exception is taken to the giving in charge of the provisions of the Code, § 37-209, with respect to ignorance of law where all the facts are known

and there is no misplaced confidence or fraudulent practice. While we do not think that this correct principle of law was relevant to the issues involved, we cannot see how it could have been confusing to the jury, since the court did give a plain and correct charge upon the relevant matters at issue, under which the jury could have found in favor of the plaintiff had they accepted her version of the transaction as actually made.

4. Special ground 5 says that the question submitted to the jury, in the following form "was the deed of March 26, 1940, to Dr. E. B. Claxton a sale or deed to secure debt, under the rules of law as given you in charge?" was prejudicial to the petitioner in that it necessitated a finding in favor of the plaintiff for the reason that the deed was absolute in its terms. The court did not, however, thus submit to the jury the mere question of construing the terms of the instrument, but submitted to them the question of whether it represented a sale or a security for a debt, *under the rules which had been given them in charge*, and under these rules, if there had been an understanding and agreement at the time it was executed, that it was to operate as a security deed only, and that the plaintiff was to retain possession, it would have to be adjudged and construed as a security deed, accordingly this ground presents no valid reason to set the verdict aside. This ruling also disposes of the sixth ground that the verdict answering the above question "yes a sale," did not determine the issues.

*Judgment affirmed. All the Justices concur.*

No. 15290. October 4, 1945.

*C. C. Crockett* and *L. F. Watson,* for plaintiff.
*R. M. Daley* and *R. I. Stephens,* for defendants.