## 36020. Bankers Fire & Marine Insurance Company *v.* Hopkins.

Carlisle, J. 1. Where an insurance company places limitations upon the authority of its agents to enter into contracts of insurance and such limitations are contained only in the policy itself, such limitations are to be deemed as referring to matters occurring subsequently to the issuance of the policy, and do not apply to facts or conditions which were existing at the inception of the contract. "In such a case the knowledge of the agent is the knowledge of the insurer, and if a policy is issued with knowledge by the agent of a fact or condition which by the terms of the contract would render it void, the insurer will be held to have waived the existence of such fact or condition, and the policy will not be voided thereby. *Johnson* v. *Aetna Ins. Co.*, 123 *Ga.* 404 (2) (51 S. E. 339, 107 Am. St. R. 92); *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (5) (64 S. E. 993); *Athens Mutual Ins. Co.* v. *Ledford,* 134 *Ga.* 500 (1) (68 S. E. 91)." *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804).

2. Under an application of the foregoing principles of law to the facts of the present case, the trial court did not err in overruling the motion to dismiss the petition, and the superior court, on certiorari, did not err in affirming that judgment and entering final judgment for the plaintiff. The limitations placed upon the authority of the defendant's agents to waive provisions of the policy are contained only in the policy itself and consequently refer only to matters occurring subsequently to the issuance of the policy. As the allegations of the petition, as against demurrer, must be taken as true, the defendant, through its agents, had actual knowledge of the joint ownership of the automobile by the plaintiff and his son before the issuance of the policy; and, although the declaration in the policy that the plaintiff was sole owner of the automobile is an apparent misrepresentation, the provision of the policy by the terms of which such a misrepresentation of ownership would void the policy must be taken to have been waived.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided January 25, 1956.

*M. Harry Steine, Henry J. Heffernan,* for plaintiff in error.
*Boller & Yow,* contra.