19501. FIRE & CASUALTY INSURANCE CO. OF
CONNECTICUT *v.* FIELDS *et al.*

ARGUED NOVEMBER 15, 1956—DECIDED JANUARY 15, 1957—REHEARING
DENIED FEBRUARY 13, 1957.

*Hurt, Gaines, Baird, Peek & Peabody, J. Corbett Peek, Jr.,*
for plaintiff in error.

*Sidney I. Rose, Rose & Robertson,* contra.

ALMAND, Justice. This case originated in an action upon a
fire-insurance policy, and was tried before the court without the
intervention of a jury, upon an agreed statement of facts. A
judgment was rendered in favor of the insureds, which judgment
was affirmed by the Court of Appeals (*Fire & Casualty Ins. Co.
of Connecticut* v. *Fields,* 94 *Ga. App.* 272, 94 S. E. 2d 113), Quil-
lian, Judge, dissenting. We granted the insurer's application for
the writ of certiorari.

On November 9, 1954, the insurer issued to the insureds a
renewal certificate, insuring certain described premises of the
insureds against loss by fire. The fire policy contained the fol-
lowing provisions: "Conditions suspending or restricting insur-
ance. Unless otherwise provided in writing added hereto this
Company shall not be liable for loss occurring . . . (b) while
a described building, whether intended for occupancy by owner
or tenant, is vacant or unoccupied beyond a period of sixty con-
secutive days. . . No permission affecting this insurance shall
exist, or waiver of any provision be valid, unless granted herein
or expressed in writing added hereto." At the time the renewal
certificate was delivered, the agent of the insurer was informed
that the premises were vacant or would become vacant on
October 31, 1954, and such premises did become vacant and con-
tinued unoccupied up to and including the date of the fire on
May 5, 1955. No part of the premium was paid at the time of
the renewal; and when the premium was paid to the insurer's
agent, after the premises had been vacant for eighty consecutive
days, the agent knew that they were vacant and had been so
for a time exceeding sixty consecutive days; and on several occa-
sions the insurer's agent had informed the insureds that he

would take the matter up with the company, and that the insureds were covered, and for them not to worry about it.

In affirming the judgment of the trial court, the Court of Appeals held that, in view of the fact that the insureds had the right to cancel the policy and receive a return of a part of the unearned premium, it would be a fraud on them to permit the insurer, which had accepted the premium with knowledge that the premises had been vacant for more than sixty consecutive days, to repudiate its obligation, and therefore it was estopped from asserting a violation of the conditions of the policy.

A provision of a fire-insurance policy requiring a written waiver of its terms is valid and binding upon the insured. *Beasley* v. *Phoenix Insurance Co.*, 140 *Ga.* 126 (78 S. E. 722). The agreed facts do not show that the agent of the insurer had possession of the policy at the time he made the representations as to the property being covered, and the ruling in *Corporation of Royal Exchange Assurance of London* v. *Franklin*, 158 *Ga.* 644 (1) (124 S. E. 172, 38 A. L. R. 626), is not in point here. In the instant case, the insureds were bound to know the rights of the insurer, and that they could not be relinquished except in the manner provided by the policy; and they will not be permitted to show that the provision of the policy had been waived unless it was done in the manner provided for in the policy. Under the rulings of this court in *Simonton* v. *Liverpool, London & Globe Ins. Co.*, 51 *Ga.* 76, *Lippman* v. *Aetna Ins. Co.*, 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. R. 62), *Athens Mutual Ins. Co.* v. *Evans*, 132 *Ga.* 703 (64 S. E. 993), *Beasley* v. *Phoenix Ins. Co.*, (supra), and *Aronoff* v. *United States Fire Ins. Co.*, 178 *Ga.* 97 (172 S. E. 59), the knowledge of the agent as to vacancy of the premises, and his oral representations to the insureds that they were covered, did not estop the insurer from asserting a breach of the condition in the policy as to occupancy of the premises, nor would the receipt of the premiums by its agent with knowledge that the premises had been vacant for more than sixty consecutive days, and the retention of such premiums by the insurer, estop it from asserting its defense that the provision of the policy had not been waived in writing by it. *Everett-Ridley-Ragan Co.* v. *Traders Insurance Co.*, 121 *Ga.* 228 (1) (48 S. E. 918, 104 Am. St. R. 99); *Golden* v. *National Life &c. Ins. Co.*, 189 *Ga.* 79 (5

816

S. E. 2d 198, 125 A. L. R. 838); *McAfee* v. *Dixie Fire Ins. Co.*, 18 *Ga. App.* 192 (89 S. E. 181); *May* v. *Globe & Rutgers Fire Ins. Co.*, 23 *Ga. App.* 798 (99 S. E. 631); *Nalley* v. *Hanover Fire Ins. Co.*, 56 *Ga. App.* 555 (193 S. E. 619); *Askew* v. *Maryland Ins. Co.*, 66 *Ga. App.* 564 (18 S. E. 2d 564).

The Court of Appeals erred in affirming the judgment of the trial court.

*Judgment reversed. All the Justices concur.*