<span style="display:block;text-align:center">SUBMITTED MARCH 5, 1969—DECIDED JULY 8, 1969.</span>

*Dan S. Beeland, Garland T. Byrd,* for appellant.

*Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff, R. R. Buckley,* for appellees.

44340. UNITED STATES FIDELITY & GUARANTY COMPANY v. VANDUSEN et al.

PANNELL, Judge. 1. Where a policy of casualty insurance, insuring a metal house trailer located at 310 Florida Avenue, Bremen, Ga. ($5,000) and the contents ($2,000), and the contract of insurance contains the following provisions: "In consideration of the provisions and stipulations herein or added hereto and of the premium above specified, this company . . . at location of property involved . . . does insure the insured named above . . . against all direct loss by fire . . . to the property described herein while located or contained as described in this policy . . . but not

elsewhere," and where subsequently by endorsement the location of the property is changed to West Side Highway 27, South, Bremen, Ga., and subsequently thereto, *without request for such endorsement*, but with notice to the local agent of the insurance company that such move was being made, the property and contents were moved back to the original location for use by a tenant and not as the insured's residence and while being so used at such location were destroyed by fire, no recovery can be had under said policy. *Wise v. Royal Ins. Co.;* 32 Ga. App. 719 (1, 2) (124 SE 556); *Black v. Fidelity-Phenix Fire Ins. Co.,* 14 Ga. App. 510 (1) (81 SE 584). See also *Allstate Ins. Co. v. Walker,* 114 Ga. App. 732 (1) (152 SE2d 895).

2. A provision in the policy that "[i]f the household and personal property covered hereunder is removed during the term of this policy to another location within the limits of this State occupied in whole or in part as the insured's residence, this policy shall cover such property while at such new location up to the amount specified for contents and shall cease to cover at the former location, except that during the period of removal this policy shall cover at each location in the proportion that the value of the described property at each location bears to the aggregate value at both locations," has no application here for the reason that the house trailer and contents when moved to the new location was not occupied in whole or in part as the insured's residence.

3. It follows, therefore, that the trial judge to whom the case was submitted without the intervention of a jury erred in rendering judgment in favor of the two plaintiffs suing upon the policy, one as owner and one as mortgagee not named in the policy.

*Judgment reversed. Quillian, J., concurs. Felton, C. J., concurs specially.*

SUBMITTED MARCH 3, 1969—DECIDED JUNE 20, 1969—
REHEARING DENIED JULY 9, 1969—

*Gilbert & Head, Aubrey W. Gilbert, Howe & Murphy, Harold L. Murphy,* for appellant.

*Murphy & Murphy, Thomas B. Murphy,* for appellees.

FELTON, Chief Judge, concurring specially. Under the de-

cisions cited in the opinion, as well as many others, I must concur in the opinion and judgment. It is my opinion that if the local insurance agent had authority to issue a "change of location" indorsement he was the alter ego of the company and that if he knew of the additional change in the location of the insured property, the company should be estopped to contest liability unless he advised the insured of the necessity of another indorsement on the policy which he could have entered, or unless he advised the insured that the proposed new location was unsatisfactory, if such was the case. There is a great distinction between the authority of a life insurance agent and a fire insurance agent which is too often overlooked. The decision in *Fire & Cas. Ins. Co. v. Fields,* 212 Ga. 814 (96 SE2d 502) illustrates what seems to me to be injustices resulting in the failure to recognize the fact that where a local agent has authority to issue policies and make indorsements he is the company.