### 44749. LUCAS v. CONTINENTAL CASUALTY COMPANY.

DEEN, Judge. 1. "Proof of . . . an admission by a party opponent has a value beyond that of its use for impeachment purposes; it is evidence . . . upon which a verdict may be based." *Sims v. Hoff,* 106 Ga. App. 626, 629 (127 SE2d 679). The rule applies to admissions in pleadings which, after having been withdrawn or stricken by the pleader, are introduced in evidence by the opposite party. *Wood v. Claxton,* 199 Ga. 809 (35 SE2d 455); *Bynes v. Stafford,* 106 Ga. App. 406, 408 (127 SE2d 159); *Bunn v. A. C. L. R. Co.,* 18 Ga. App. 66 (2) (88 SE 798). In the present case Lucas sued Continental Casualty Company for benefits claimed by reason of disability following a heart attack under a certificate of insurance held by him under a master policy issued by the defendant company to "Associates Investment Company and Subsidiaries including Associates Discount Corp., South Bend, Indiana." Lucas had purchased the insurance at the time he bought an automobile from Barney A. Smith Motors, Inc., who handled the health and accident insurance certificates for Associates Discount Corp. as creditor insurance, the proceeds being payable to the latter as its interest appeared. The defendant insurance company filed a third-party complaint against Barney A. Smith Motors, Inc., alleging that the latter acted as its agent in writing the certificate of insurance upon which Lucas' case is based; that it was informed at the time by the plaintiff that he was suffering from a heart condition, and that in violation of the limits of its authority as such agent it nevertheless assured him that he was adequately covered by the certificate of insurance; that when an agent exceeds the limitations on his authority and the principal is bound thereby the agent becomes liable over to the principal, and that accordingly Barney A. Smith Motors, Inc., would be liable over to the defendant insurer for any judgment entered against the lat-

ter. This pleading was subsequently stricken, but it is nevertheless sufficient, when put in evidence, to create a question of fact on the authority of Barney A. Smith Motors, Inc., to act as agent for the defendant in issuing the insurance certificate.

2. On the defendant's motion for summary judgment it is undisputed that the question of Lucas' heart condition was discussed. Fuller, the car salesman, testified that Lucas told him he had a heart condition and asked if he would still write the insurance. Lucas said he further told him that he had had a heart attack and said, "If I was to get disabled to work I might lose my car and everything I put in it", and the salesman said, "Oh, we can fix that." He then talked by telephone to Smith, the employer, who deposed that Fuller "possibly did mention some existing heart trouble" to him. The plaintiff was then assured of coverage and insurance was purchased and paid for. Neither Lucas nor Fuller ever saw the master policy, which was in South Bend, Indiana, and Lucas testified that he did not fill out any application or see the certificate but that one was mailed to him some time later. Both the policy and the certificate contain a statement: "Disability resulting from an accident occurring or from a sickness or disease existing prior to the effective date of the policy as to the insured debtor is not covered." The policy but not the certificate contains the following: "No agent has authority to change this policy or waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the company and such approval be endorsed thereon." Both the agent and the insured were ignorant of these provisions at the time the insurance was purchased. The plaintiff subsequently became disabled as a result of coronary insufficiency.

The plaintiff did sign a Georgia Security Agreement containing the statement that if "the credit and health insurance coverage provides that if the insured becomes totally disabled due to an accident occurring or a sickness contracted and commencing during the term of the indebtedness" stated amounts would be paid. Lucas was not disabled at the time of the transaction, and whether a subsequent disabling heart condition "commenced" and "was contracted" prior thereto presents at the very least an ambiguity in view of the assurance that notwithstanding his prior heart attack he was

covered by the policy. A layman could well understand this language as meaning that such an occurrence would be a sickness "commencing" after and not before the inception of the policy period.

"Limitations in an insurance policy upon the authority of the agent of the company to waive the conditions of the contract of insurance are to be treated as referring to waivers made subsequently to the issuance of the policy." *Johnson v. Aetna Ins. Co.*, 123 Ga. 404 (2) (51 SE 339, 107 ASR 92). And see *People's Bank of Mansfield v. Ins. Co. of N. A.*, 146 Ga. 514, 518 (91 SE 684, LRA 1917D 868); *Mechanics &c. Ins. Co. v. Mutual Real Estate &c. Assn.*, 98 Ga. 262 (25 SE 457); *Fireman's Fund Ins. Co. v. Standridge*, 103 Ga. App. 442 (2) (119 SE2d 585); *John Hancock Mut. Ins. Co. v. Yates*, 182 Ga. 213 (185 SE 268); *Brown v. Globe &c. Fire Ins. Co.*, 161 Ga. 849 (133 SE 260); *Ins. Co. of N. A. v. DeLoach & Co.*, 3 Ga. App. 807 (61 SE 406); *Grantham v. Royal Ins. Co.*, 34 Ga. App. 415 (130 SE 589); *Rome Ins. Co. v. Thomas*, 11 Ga. App. 539 (75 SE 894); *Bankers Fire &c. Ins. Co. v. Hopkins*, 93 Ga. App. 246 (1) (91 SE2d 298); *Athens Mut. Ins. Co. v. Evans*, 132 Ga. 703 (5) (64 SE 993); *Athens Mut. Ins. Co. v. R. H. Ledford & Son*, 134 Ga. 500 (1) (68 SE 91); *George Washington Life Ins. Co. v. Smith*, 90 Ga. App. 459 (2) (83 SE2d 302); *Reserve Life Ins. Co. v. Bearden*, 96 Ga. App. 549 (101 SE2d 120), affd., 213 Ga. 904 (102 SE2d 494); *Metropolitan Life Ins. Co. v. Hale*, 177 Ga. 632 (170 SE 875). Nothing to the contrary is demanded by *Southeastern &c. Ins. Co. v. State Farm &c. Ins. Co.*, 118 Ga. App. 861 (165 SE2d 887). In that case the agency of Neal, who procured the insurance, was not admitted, and the application for the insurance was not even filled out until after the collision had occurred.

The plaintiff's deposition is to the effect that after he questioned Fuller as to whether his prior heart condition would militate against his obtaining adequate insurance, the salesman made a telephone call and then returned and assured to him that it was all right. Accordingly, a jury question exists both as to agency and as to the waiver of the exclusory provision referring to prior illness. The trial court, after first denying the defendant's motion for summary judgment, erred in vacating that judgment and entering a second judgment in favor of the defendant.

460

*Judgment reversed. Bell, C. J., concurs. Eberhardt, J., concurs specially.*

ARGUED SEPTEMBER 3, 1969—DECIDED SEPTEMBER 24, 1969—REHEARING DENIED OCTOBER 9, 1969—

*F. Robert Raley,* for appellant.

*Jones, Cork, Miller & Benton, James M. Thomas, Martin, Snow, Grant & Napier, Charles M. Stapleton,* for appellees.

EBERHARDT, Judge, concurring specially. The insured here did not make a written application to the company for the insurance contract, just as was the case in *Metropolitan Life Ins. Co. v. Hale,* 177 Ga. 632 (170 SE 875). Consequently, we have nothing to indicate that Lucas was put on notice of any limitation of authority on the part of the company's soliciting agents—which usually appears in the application—and, as Judge Jenkins said in *National Life &c. Ins. Co. v. Cantrell,* 49 Ga. App. 368 (175 SE 543), we "must yield to the authority of the *Hale* case."

Running through the decisions in many cases, particularly since *New York Life Ins. Co. v. Patten,* 151 Ga. 185, 187 (106 SE 183), has been an assertion that there is a difference in the treatment to be afforded a situation in which the agent having knowledge which may work a waiver or an estoppel against the company is a *mere soliciting* agent and in that where the agent has authority to *issue the policy,* as do fire insurance agents. There are cases in which it was held, in the former situation, that the insured should be held to be on notice of the limitation, if it is in the policy, by his acceptance of the policy, which is the time when the contract becomes effective, and the company is not to be estopped from defending on the basis of conditions of coverage set out in the contract, while in the latter the company is to be estopped because its agent has power to *make and issue* the contract. See, for example, *Reliance Life Ins. Co. v. Hightower,* 148 Ga. 843 (a) (98 SE 469); *American Nat. Ins. Co. v. Floyd,* 34 Ga. App. 541 (130 SE 531); *American Nat Ins. Co. v. Potts,* 35 Ga. App 32 (132 SE 142); *Harris v. Bankers Health &c. Ins. Co.,* 40 Ga. App. 678 (150

SE 856); *Metropolitan Life Ins. Co. v. Alexander*, 43 Ga. App. 385 (159 SE 124), and particularly *Aronoff v. United States Fire Ins. Co.*, 178 Ga. 97, 104 (172 SE 59), in which the distinction is expressly recognized. And note, too, that *Aronoff* followed *Hale* by some four months in point of time when the *Hale* case was fresh in the minds of the Justices. Neither case is a full bench decision, both having dissents. The *Hale* case was followed in *Reserve Life Ins. Co. v. Bearden*, 213 Ga. 904 (102 SE2d 494), without any mention of the distinction, but again there were two dissents. Cf. *Puckett v. Metropolitan Life Ins. Co.*, 32 Ga. App. 263 (122 SE 791); *Penn Mutual Life Ins. Co. v. Blount*, 33 Ga. App. 642 (127 SE 892).

In this status of the cases it appears to me that we are bound to follow the *Hale* case and that under it the only distinction that really matters is whether the applicant had notice of the agent's limitation of authority. If he signs an application carrying the limitation or non-waiver provision, he has the requisite notice, is bound by it, and absent fraud on the part of the agent against the applicant or against the applicant and the company (*Clubb v. American Accident Ins. Co.*, 97 Ga. 502, (25 SE 333)), the company cannot be estopped from invoking conditions in the policy as defenses to an action. *McLemore v. Life Ins. Co. of Ga.*, 117 Ga. App. 155 (159 SE2d 480). But if, as here, there is nothing to disclose that the applicant had any notice of the limitation, which is usually the case when no written application is taken from him or when the application does not carry a non-waiver provision, the company may be estopped to invoke the policy conditions even though the limitation is carried on the face of the policy. *Reserve Life Ins. Co. v. Bearden*, 96 Ga. App. 549 (101 SE2d 120); *George Washington Life Ins. Co. v. Smith*, 90 Ga. App. 459 (83 SE2d 302). The estoppel applies, of course, only as to knowledge acquired by the agent prior to the issuance of the policy; the company is not to be estopped by reason of knowledge acquired or as to anything done thereafter or by promises made as to matters to occur thereafter. See, for example, *Simonton, Jones & Hatcher v. Liverpool &c. Ins. Co.*, 51 Ga. 76; *Lippman v. Aetna Ins. Co.*, 108 Ga. 391 (33 SE 897, 75 ASR 62); *Fields v. Continental Ins.*

*Co.,* 170 Ga. 28 (2b) (152 SE 60) ; *Aronoff.v.·U. S. Fire Ins. Co.* 178 Ga. 97, 104, supra; *Sparks v. National Union Fire Ins. Co.,* 23 Ga. App. 38 (97 SE 462) ; *Askew v. Maryland Ins. Co.,* 66 Ga. App. 564 (18 SE2d 564).

We should, if possible, avoid a rule which would allow a mere soliciting agent to make a contract of insurance by oral negotiations or representations *(Fowler v. Preferred Accident Ins. Co.,* 100 Ga. 330 (28 SE 398)) thereby to usurp the function of the underwriting department *(Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17, 22 (147 SE2d 5)), and thus to "rob the written contract of all the safeguards the law has placed around it, and in effect rewrite every insurance policy to fit the oral agreements and knowledge of the agents." *Askew v. Maryland Ins. Co.,* 66 Ga. App. 564, 566, supra.

As Chief Judge, now Justice, Felton observed recently in *U. S. Fidel. &c. Co. v. Vandusen,* 120 Ga. App. 55 (169 SE2d 751), "There is a great distinction between the authority of a life insurance agent and a fire insurance agent which is too often overlooked." The same distinction obtains as to any kind of insurance when the agent does not have the authority to issue the policy, but must obtain an application for, or submit on behalf of the applicant an offer which the company is free to accept or reject. *Boswell v. Gulf Life Ins. Co.,* 197 Ga. 269, 272 (29 SE2d 71) ; *Ft. Valley Coca-Cola Bottling Co. v. Lumbermen's Mut. Cas. Co.,* 69 Ga. App. 120 (1) (24 SE2d 846).

If there is a distinction, as we believe there is and as both this court and the Supreme Court have asserted, it is difficult to understand why the "fire insurance rule" was applied in *Hale* to a mere soliciting agent who had nothing to do with the issuance of the policy. Why should it be applied here? Neither the salesman nor the dealer had anything to do with the issuance of the policy, or any authority to do so. Indeed, neither of them ever saw it; it was issued and mailed to plaintiff by Associates Discount which held the master policy and was the finance company to whom the purchase-money contract on the car was assigned. Why should the absence of a non-waiver in plaintiff's offer to purchase this type of insurance as was included in the purchase money contract work a waiver?

If the offer had included the information about plaintiff's state of health the situation would be different; but it was not.

The law is not really clear on the subject. Perhaps it will be clarified, but until we have more light it seems to me that we must follow the ruling in *Hale*.