**Walter MYERS, Plaintiff,**

v.

**MERRIMACK MUTUAL FIRE INSUR-ANCE COMPANY, an insurance company doing business in Illinois, Defendant.**

**No. 84–1125.**

United States District Court,
C.D. Illinois,
Peoria Division.

Jan. 18, 1985.

James R. Carter, Peoria, Ill., for plaintiff.

Frank L. Schneider, Timothy J. Reagan, Chicago, Ill., Rex K. Linder, Peoria, Ill., for defendant.

## MEMORANDUM OPINION

MIHM, District Judge.

The Plaintiff, Walter Myers, bought a policy from the Defendant, Merrimack Mutual Fire Insurance Company (Merrimack) which insured premises which he owned at 127 South Prairie, Lacon, Illinois against loss from multiple perils, including fire. For a 16-month period, from November of 1981 until April, 1983, the apartment building stood vacant, unoccupied, and unsecured while Plaintiff allegedly undertook extensive renovation of the premises. On April 3, 1983, a fire caused substantial damage to the apartment building in excess of the policy limit of $45,000. Merrimack, following an investigation of the loss and its consideration of a claim for recovery

made by Walter Myers and his wife, Helen, denied any and all liability under the terms and conditions of the insurance contract.

This denial of liability was based on the following provisions of the contract:

"SPECIAL MULTI–PERIL POLICY CONDITIONS AND DEFINITIONS.

### GENERAL CONDITIONS

The following conditions apply to Section I and II except as otherwise indicated. Additional Conditions or modifications of the following Conditions may appear in the specific coverage sections.

\*　　\*　　\*　　\*　　\*　　\*

4. *Concealment or Fraud.* This policy is void if any *insured* has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.

\*　　\*　　\*　　\*　　\*　　\*

CONDITIONS APPLICABLE TO SECTION I.

\*　　\*　　\*　　\*　　\*　　\*

15. *Suit.* No suit shall be brought on this policy unless the insured has complied with all the policy provisions....

\*　　\*　　\*　　\*　　\*　　\*

17. *Vacancy, Unoccupancy and Increase of Hazard.*

(a) This company shall not be liable for loss occurring while a described building, whether intended for occupancy by owner or tenant is vacant beyond a period of sixty (60) consecutive days. 'Vacant' or 'Vacancy' means containing no contents pertaining to operations or activities customary to occupancy of the building, but a building in process of construction shall not be deemed vacant.

(b) Permission is granted for unoccupancy.

(c) Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring while the hazard is increased by any means within the control or knowledge of the insured."

Following the denial of Plaintiff's claim, he filed suit in this Court seeking reimbursement of his fire loss to the limit of the policy plus $4,600 which he expended following the fire to have the building shell demolished and removed, attorney's fees of $15,000, costs, and penalties of $5,000.

This matter is currently before the Court on cross motions for summary judgment.

Both parties assert that there are no genuine disputed issues of material fact and each claims to be entitled to judgment as a matter of law. This case presents a problem in contract construction, requiring a determination of whether there is ambiguity in the contract language and whether there has been a forfeiture because of concealment or fraud in the statement of the claim. Broadly stated, the issue raised by the motions is whether, as a matter of law, Plaintiff is entitled to coverage under the policy.

## POSITION OF THE PLAINTIFF

Mr. Myers argues that he has coverage under the policy despite the period of vacancy prohibited by its terms because the Court must find that he falls within the "construction" exception of paragraph 17(a). The basis for this argument is his claim that the contract language is ambiguous and that the law requires ambiguity to be resolved in favor of the insured and against the insurer who prepared the policy. Plaintiff arrives at his claim of ambiguity by way of a two-pronged argument. He claims first that paragraph 17(a) of the contract states that the Company will not pay on the policy if the building is vacant for a period in excess of 60 days prior to the fire which causes the loss, and then excepts from that rule premises which are under "construction." This is done, he says, without provision of a definition for "construction" or any indication of whether "construction" includes "reconstruction." His second prong is 17(b) which states, in its entirety, "Permission is granted for unoccupancy." Plaintiff believes that 17(b) is ambiguous on its face and should be interpreted to mean that he can grant per-

mission to himself for unoccupancy of the premises. He claims that subparagraphs (a) and (b) taken together constitute clear and marked ambiguity in the contract language.

Moving to count II of his complaint, Plaintiff asserts that he spent $4,600 to have the building remains demolished and removed. He asks for reimbursement of that amount under paragraph 5 of the policy, entitled "Debris Removal." Mr. Myers maintains that this payment should be in addition to reimbursement of the full coverage for his loss from the fire. Citing chapter 73, Illinois Revised Statutes, § 155, and maintaining that Defendant's delay in settling is vexatious and unreasonable, Plaintiff claims entitlement to attorney's fees, costs, and $5,000 in penalties.

Responding to Defendant's cross motion for summary judgment, Plaintiff denies active concealment or fraud. He says he believed that he was undertaking policy-authorized construction during a policy-authorized period of unoccupancy and that, therefore, the income-producing nature of the property never changed. He denies that there were misstatements or misrepresentations in the statement of claim for loss.

For all of the foregoing reasons, Plaintiff prays the Court to deny Defendant's motion for summary judgment and to grant that which he has presented.

## POSITION OF THE DEFENDANT

Merrimack sets out that the building was vacant in excess of 60 days prior to the fire, that the actual period of vacancy and unoccupancy was of such duration that it constituted an increase of hazard within the control and knowledge of the Plaintiff, and that Plaintiff made material misrepresentations of fact in his sworn statement in support of loss. For these reasons, Defendant claims that the conditions of coverage were not met by Walter Myers and, therefore, he is entitled to no recovery under the policy.

Defendant denies all of the Plaintiff's claims which would, presumably, entitle him to the benefit of the exceptions in the

contract terms. Asserting that the meaning of the word "construction" is plain and clear and has been explicated in case law, Defendant maintains there is no ambiguity in the relevant language. The Company denies that the term "construction" comprehends "repairs," "renovation," or "reconstruction," on which Plaintiff premises his argument. Defendant notes that the rule for interpretation of insurance contracts is that they should be construed as a whole and that "unambiguous language must be given its ordinary and common meaning without further construction." Merrimack cautions that it is only when the Court finds ambiguity in the language that the contract should be construed in favor of the insured and against the insurer. Even when ambiguity is found, the Court's construction of the language must be reasonable.

Defendant claims that Plaintiff's argument with respect to paragraph 17(b) is irrelevant since the gist of the action is based on a claim of vacancy and the unoccupancy is only cited in connection with its duration and the resulting lack of security to show increase of hazard.

Defendant maintains that even if the Court were to find that the term "construction" included "reconstruction," "repairs," or "renovation," there is no evidence that the Plaintiff was doing any work on the premises prior to the fire. Merrimack maintains that Plaintiff's own sworn testimony establishes that, during the entire 16-month period of vacancy and unoccupancy, he did virtually no work on the house.

In answer to Plaintiff's count II, Defendant does not dispute that the actual loss on the fire exceeded the policy limits. They, therefore, argue that Plaintiff is not entitled to an additional sum for debris removal. Moreover, since it denies that its delay was vexatious or unreasonable, Defendant urges the Court to deny Plaintiff's demand for attorney's fees, costs, and penalties. Defendant maintains that the law permits no attorney's fees unless there is an unjustifiable delay or refusal to pay a just claim,

neither of which alternative is admitted here. Nor, Defendant argues, should attorney's fees be granted where there is a genuine dispute.

For the foregoing reasons, Defendant prays the Court to deny Plaintiff's motion for summary judgment and to grant that presented by the insurance company.

## DECISION

It is undisputed that the premises were continually vacant and unoccupied from November, 1981, when the last tenant moved out, until the fire on April 3, 1983, a period of more than 16 consecutive months. During this time, the apartments produced no rental income. The electricity and water were cut off for the entire period. Plaintiff made no effort to change the locks after the last tenants left, there were no locks on a basement door nor on the front door to the building, and the front porch door lock was inoperative. Plaintiff neither attempted to obtain security services for the premises on his own, nor gave the insurance company an opportunity to protect the premises by notifying them of the protracted period of vacancy and unoccupancy.

These facts would clearly support both Defendant's assertion that the policy conditions have been violated and its consequent refusal to pay. Plaintiff can only prevail by showing, either directly or by virtue of a favorable statutory construction by this Court, that he is entitled to the benefit of the exception for "a building in process of construction."

To this end, Plaintiff contends that the term "building in process of construction" is ambiguous and attempts to entice the Court down a twisted path to fall prey to a confusion of "construction" synonyms. This the Court declines to do.

█ Plaintiff began his argument by asserting that the Court should follow the direction of the Illinois Supreme Court in *Canadian Radium Corp. v. Ind. Ins. Co.*, 411 Ill. 325, 104 N.E.2d 250, and use the dictionary to establish the "plain, ordinary and popular sense" of the term in issue. His resort to Webster's Third New International Dictionary yielded the following definition for "construction": "The act of putting parts together to form a complete integrated object." That source then defined the word "construct" as "to form, make or create by combining parts or elements." The Court's own dictionary, Webster's New International Dictionary, Second Edition, Unabridged, defined "construction" as:

"1. Process or art of constructing; act of building; erection; act of devising and forming; fabrication; composition; also, a thing constructed; a structure."

The same dictionary showed "construct" as meaning:

"2. To put together the constituent parts of (something) in their proper place and order; to build; form; make; as to *construct* an edifice."

In drawing its own conclusion about the plain meaning of the term construction as derived from these definitions, the Court is persuaded like the Georgia Appellate Court in *Travelers Indemnity Co. v. Wilkes County*, 102 Ga.App. 362, 116 S.E.2d 314, 317 (1960) that:

"When used in this sense the word 'construction' imports the building or erection of something which theretofore did not exist; the creation of something new rather than the repair or improvement of something already existing."

Having satisfied itself of the plain meaning of the term "construction," the Court is disinclined to accept Plaintiff's invitation to embark on the same procedure with the word "reconstruction," which is to be found nowhere in the relevant language of the policy. The Court is forced to conclude that the only ambiguity in the interpretation of this subsection of paragraph 17 exists in the mind of the Plaintiff.

█ It, therefore, appears that to the extent any work was being done on the insured premises by Walter Myers, it was not construction. It may have been repairs, remodeling or renovation. Plaintiff is not entitled to the benefit of the excep-

tion in paragraph 17(a) and the protracted period of vacancy violated one of the conditions of the policy. It is unnecessary for the Court to determine what meaning should be given to 17(b) since the unoccupancy, itself, is not at issue. However, the duration of the vacancy and the unoccupancy, coupled with the total lack of security about the premises, does create an increase in hazard within the control or knowledge of the insured, as contemplated in paragraph 17(c).

Even though what constitutes an increase of hazard is normally a question of fact to be decided by the jury, the Court feels that the duration of the vacancy and the circumstances attending it establish increased hazard as a matter of law. Moreover, since it is undisputed that the premises were both vacant and unoccupied for the 16-month period preceding the fire, it is unnecessary for the Court to find a vacancy as a matter of law.

Turning, now, to the issue of concealment or fraud in the sworn statement in proof of loss provided by the Myers to sustain their claim for settlement under the policy, the Court is not persuaded that Plaintiff's characterization of the premises as "income property" is so clearly a deliberate misrepresentation as to be concealment or fraud. It is, however, probable that the statement that there had been no change of use, occupancy, or exposure of the property since the purchase of the policy was a clear and intentional misrepresentation of the facts as they existed. For this reason, too, the Court finds that this policy is void under paragraph 4, as set out above, and the insured has forfeited his coverage.

In light of the foregoing findings that material conditions of the policy have been breached or violated by the insured and that coverage has thereby been lost, it follows that Plaintiff is not entitled to receive reimbursement for his expenses incurred in debris removal nor is he entitled to attorney's fees, costs, or penalties.

It is, therefore, ordered that, with respect to both count I and count II, Plaintiff's motion for summary judgment is hereby DENIED and Defendant's motion for summary judgment is hereby GRANTED.