WILL REALTY CORPORATION *vs.* TRANSPORTATION INSURANCE COMPANY. May 15, 1986. *Insurance,* Homeowners, Coverage, Construction of policy. *Words,* "Vacant," "In due course of construction."

A policy of the defendant, Transportation Insurance Company, insured generally against fire (and certain other casualties) a three-decker tenement in Worcester owned by the plaintiff, Will Realty Corporation. By the terms of the policy coverage was denied where fire occurred when the property was "vacant," having been so for more than sixty consecutive days; however, this provision did not apply to "buildings in due course of construction." [1]

In the present nonjury action on the policy, a judge of the Superior Court made findings of fact which are in essence uncontroverted. The last tenant

---

[1] "Vacancy and Unoccupancy Clause: This Company shall not be liable for loss caused by vandalism or malicious mischief occurring after a described building (whether intended for occupancy by owner or tenant) has been vacant or unoccupied for a period of 30 consecutive days, nor for loss caused by any other insured peril after it has been vacant for a period of 60 consecutive days, regardless of the date coverage is effective. This condition shall not apply to one and two family dwellings nor to buildings in due course of construction."

in this rundown house, having been ordered evicted, departed in late November or early December, 1981. Boarding up of the windows, which had begun earlier, was then completed to protect against rock throwing by neighborhood children. There was no change until the second week in February, 1982. On two days workmen entered the house, detached various salvageable items, and carried them to a warehouse in Auburn. These items consisted of windows, doors, kitchen sinks, and bathroom vanities. Apart from dislodging putty and glass from the windows, no work was done on the items after they reached Auburn. On March 20, 1982, the house was destroyed by fire. The plaintiff had contemplated "rehabbing" the premises, which would have included as an incident reinstalling the warehoused items, but except as stated it had taken no steps in that direction by the time of the fire.

The judge said that the words "vacant" and "in due course of construction" were ambiguous, and he then concluded on the facts that the property had not been "vacant" for the specified period, but that, in any event, it was "in due course of construction." The judge erred.

In the degree that a word is considered apart from its context, it becomes "ambiguous," and if one then invokes doctrines such as that interpretation goes against the party who prepared the document, one can reach odd results. Here the judge evidently read "vacant" in some abstract way and may have thought the appearance of the workmen sufficiently interrupted the sixty days and thereby rendered the premises nonvacant within the meaning of the policy. However, the plaintiff had admitted the opposite in its pleadings, and on appeal to this court makes no attempt to support the judge's ruling on the point. The policy provision reflects the commonplace observation that the risk of casualty is higher when premises remain unattended. "Vacant" is to be read in that light, and the plaintiff evidently agrees that premises may be vacant despite sporadic entry. See *Dunton* v. *Connecticut Fire Ins. Co.*, 371 F.2d 329, 331 (7th Cir. 1967); *Ekelchik* v. *American Cas. Co.*, 56 N.J. Super. 171, 177 (1959). Cf. *McKinney* v. *Providence Washington Ins. Co.*, 144 W.Va. 559, 571 (1959).

"Buildings in due course of construction" is to be read in the same light. If, as applied to a finished building, "construction" can be taken to include remodelling or refurbishing, still the phrase looks to some substantial continuing activities of that sort on, rather than off, the property, and here there were none on the property (and indeed, virtually none off). Counsel have found a few decisions that bear somewhat on the meaning of similar phrases in more or less similar contexts. As far as the cases go, they appear to confirm or not to challenge the conclusion we reach here. See *Crescent Co.* v. *Insurance Co. of North America,* 266 S.C. 598, 602-603 (1976); *Mortgage Bancorporation* v. *New Hampshire Ins. Co.,* 67 Or. App. 261, 264-265 (1984); *Myers* v. *Merrimack Mut. Fire Ins. Co.,* 601 F.Supp. 620, 623 (C.D. Ill. 1985). Cf. *Brouillette* v. *Phoenix Assur. Co.,* 340 So.2d 667,

670-671 (La. App. 1976); *Patton* v. *Aetna Ins. Co.,* 595 F.Supp. 533, 535 (N.D. Miss. 1984).

The judgment for the plaintiff on the policy is reversed and judgment will enter for the defendant.[2]

*So ordered.*

*Stephen M. Perry* for the defendant.
*Michael N. Abodeely, Jr.* (*James Horan* with him) for the plaintiff.

---

[2] The plaintiff did not appeal from the judge's holding against him on a claim founded upon G. L. c. 93A.