**AMERICAN MUTUAL FIRE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Mildred DURRENCE, Defendant–Appellant.**

**No. 88–8578 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

May 3, 1989.

James Edward McAleer, Downing, McAleer & Gaskin, Lawrence G. Dillon, Mark H. Johnson, Savannah, Ga., for defendant-appellant.

Barbara Jo Call, Drew, Eckl & Farnham, Clayton H. Farnham, Atlanta, Ga., for plaintiff-appellee.

Before RONEY, Chief Judge, HILL and EDMONDSON, Circuit Judges.

PER CURIAM:

Mildred Durrence Appeals the district court's summary judgment in favor of American Mutual Fire Insurance Company in its suit for a declaratory judgment on the interpretation of an insurance policy. Durrence raises two issues: (1) whether the house she insured with American Mutual was excluded from coverage under the "vacancy" clause of her policy and, alternatively, (2) whether American Mutual was estopped from relying on that clause. We affirm.

The facts about which there is no significant dispute are as follows. Durrence's house was destroyed by a fire, evidently set by an unidentified arsonist. At the time of the fire no one was living in the dwelling. It was empty except for a refrigerator, stove, washing machine, each at

least 14 years old, and a small table. The utilities had been shut off for approximately 60 days. The last tenant had moved out several months previously. Durrence was current on her home-insurance policy premiums. Under a section titled "Vandalism or Malicious Mischief," the policy stated: "This peril does not include loss to property on the residence premises if the dwelling has been vacant for more than 30 consecutive days immediately before the loss." The policy required that any waiver or change of a provision be in writing.

Durrence stated in an affidavit that prior to the fire she informed Gail Dasher, the secretary for Durrence's insurance agent, that the home was "vacant and unoccupied and could remain so for the indefinite future." Dasher allegedly responded that "the Company would wait until the next premium was due to change the homeowner's policy," but "the property was covered until the next premium was due." Dasher's affidavit, on the other hand, indicated that she knew the house had no occupant, but she had no reason to believe that this situation would continue for long. Still, Dasher maintained, she warned Durrence that the policy's coverage would not continue while the house was unoccupied. Dasher recalled advising Durrence to inform the insurance agency when she decided what to do about the property. The dispute over this conversation does not, however, involve facts material to the outcome of the case since, under either set of facts, American Mutual must prevail.

Although there appears to be no clearly controlling case or statute under Georgia contract law, which has been argued by both parties, see *Residential Industrial Loan Co. v. Brown*, 559 F.2d 438, 440–41 (5th Cir.1977), a common sense interpretation of the insurance contract's "Vandalism or Malicious Mischief" provision which contains the "vacancy" exclusion, suggests that it would apply to a fire set in a vacant house by an unknown arsonist or vandal.

■ There is little question but what the district court correctly determined there to be no genuine issue as to the fact that the house was vacant at the time of the fire. The house lacked amenities minimally necessary for human habitation and thus would reasonably be considered "vacant."

The affidavit which Durrence filed in the district court stated that she told her insurance agent's secretary the house was "vacant." The answer and counterclaim filed by her attorney stated the same. Although the Georgia Court of Appeals stated that generally the term "vacant" means "empty or deprived of contents or without inanimate objects," in *Knight v. United States Fidelity & Guaranty Co.*, 123 Ga.App. 833, 834–35, 182 S.E.2d 693, 695 (1971), on which she relied, the insured had recently painted the restaurant, added new equipment, resumed electrical service, and planned to reopen the building soon for the purpose for which it had been insured. 123 Ga.App. at 835, 182 S.E.2d at 695–96.

■ As noted by the appellee's brief, the estoppel argument has some immediate appeal, but it must fail also. Under Georgia law, a fire insurance policy provision requiring a written waiver of the policy's terms is valid and binding. *Fire and Casualty Insurance Co. of Connecticut v. Fields*, 212 Ga. 814, 815, 96 S.E.2d 502, 504 (1957). When the insurer has not retained possession of the policy, oral assurances of waiving policy terms do not estop the insurer from relying on the defense of a written-waiver requirement. *Compare Fields*, 212 Ga. at 815, 96 S.E.2d at 504 (the court noted there was no evidence that the insurance agent retained the policy) *with Boston Insurance Co. v. Barnes*, 120 Ga.App. 585, 586–87, 592, 171 S.E.2d 626, 628, 631–32 (1969) (distinguished from *Fields;* Barnes' insurer retained the policy). Testimony during Durrence's deposition plainly reveals that she had possession of the policy.

Summary Judgment was, accordingly, proper since there was no dispute of material facts and American Mutual was entitled to judgment as a matter of law. *See Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983).

1. Appellee has filed a motion to strike portions of appellant's reply brief. Since affirmance is required, with or without the allegedly offending portions of the brief, the motion to strike is denied as now moot.