5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Lonnie J. MCKENZIE; Era McKenzie, Appellees,
v.
ALLSTATE INSURANCE COMPANY, Appellant.
 No. 93-1963.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1993.
Filed: September 9, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Allstate Insurance Company appeals from the district court's[1] entry of judgment in favor of Lonnie and Era McKenzie following trial to the court on stipulated facts in this diversity action. We affirm.
 
 
 2
 The McKenzies owned a weekend cabin in Arkansas insured by Allstate against direct loss by fire. Vandals entered the cabin and intentionally set it on fire. The cabin sustained fire damage. Because the McKenzies did not carry additional insurance against vandalism, Allstate refused coverage, claiming the loss was not directly caused by fire. The district court entered judgment for the McKenzies. Allstate timely appealed.
 
 
 3
 We review de novo the district court's interpretation of the policy under Arkansas law. See Kirchoff v. American Casualty Co., Nos. 92-2705, 92-2707, slip op. at 11 (8th Cir. June 30, 1993) (citing Salve Regina College v. Russell, 111 S. Ct. 1217, 1221 (1991)). The words "direct loss ... caused by fire" have a plain and unambiguous meaning and must be given their ordinary meaning and effect. See Southall v. Farm Bureau Mut. Ins. Co., 632 S.W.2d 420, 422 (Ark. 1982) (finding that Arkansas law defines direct loss as "one proximately caused by the hazard insured against") (citation omitted). An insurance policy must be construed more favorably to the insured. Arkansas Farm Bureau Ins. Fed'n v. Ryman, 831 S.W.2d 133, 135 (Ark. 1992) (citation omitted).
 
 
 4
 We agree with the district court that the fire, not the vandalism, was the primary cause which naturally and probably led to the loss. Fire was the hazard insured against, and the parties stipulated that the property "sustained fire damage." Unlike the cases cited by Allstate, the direct loss by fire clause in the policy in question does not specifically exclude losses from fires intentionally ignited by vandals as it does losses resulting from electrical appliances. We conclude that American Mut. Fire Ins. v. Durrence, 872 F.2d 378, 379 (11th Cir. 1989) (per curiam), is distinguishable. Although a vandal ignited the fire as in the case at hand, the court found no coverage because the house had been vacant, and the court did not specify if the policy provided coverage for a loss directly caused by fire.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas