POLEN, J.
Sunrise Sports Cars, Inc. (“insured”) timely appeals after the trial court entered summary judgment in favor of Britamco Underwriters, Inc. (“insurer”) on the insured’s complaint. It maintains the trial court erred in holding the term “under construction,” as used in the subject insurance policy, was unambiguous and that, under the facts of this case, the subject building was not under construction. We affirm.
The policy was taken out on a parcel of land with a vacant restaurant on it. The insured planned to renovate the building and convert it into a car showroom. To that effect, it hired an architect and had the city send inspectors out to look at the property. Before any renovations took place or the proper permits were secured, however, the property was vandalized.
The policy excluded vandalism claims on buildings that had “been vacant for more than 60 days before the loss.” It did not consider buildings “under construction” to be vacant, but did not define the term “under construction.”
After the vandalism occurred, the insured filed a claim. When the insurer denied it, the insured filed suit. Subsequently, the court, in granting the insurer’s motion for summary judgment, found the building was vacant and not under construction at the time of the vandalism. This appeal followed.
Under the undisputed facts of this case, we believe the trial court correctly found that the building was indeed vacant for purposes of the exclusionary clause of the policy. The car showroom was not built, was not in the actual process of being built, and had no business property on the premises. There were no permits pulled nor plans submitted to the city. As the building was vacant at the relevant time period, the vandalism that occurred was excluded from coverage. See, e.g., Mortgage Bancorporation v. N.H. Ins. Co., 67 Or.App. 261, 677 P.2d 726, rev. denied, 297 Or. 339, 683 P.2d 1370 (1984); Will Realty Corp. v. Transp. Ins. Co., 22 Mass.App.Ct. 918, 492 N.E.2d 372., rev. denied, 398 Mass. 1102, 495 N.E.2d 310 (1986); but cf. Calhoun County, Fla. v. Roberts, 136 F.2d 59 (5th Cir.1943)(holding the subject engineering services were integral to the cost of the construction of a bridge, and that it was necessary to have plans, specifications, *1011 estimates, and engineering supervision m order to build such a bridge and approaches).
AFFIRMED.
TAYLOR, J., and DAMOORGIAN, DORIAN K, Associate Judge, concur.