# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3677

_____

Steven W. Vennemann,          *
                                   *
           Appellant,      *
                                   *   Appeal from the United States
     v.                    *   District Court for the
                                   *   District of Minnesota.
Badger Mutual Insurance Company,   *
                                   *
           Appellee.      *

_____

Submitted:  June 12, 2003

Filed:  July 2, 2003

_____

Before RILEY,  and HEANEY, Circuit Judges,  and ERICKSEN,[1] District Judge.

_____

HEANEY, Circuit Judge.

Steven Vennemann was denied coverage under a homeowner's policy with Badger Mutual Insurance Company (Badger) after his house was damaged in a fire. The district court[2] granted Badger's motion for summary judgment, finding that

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Ann D. Montgomery, United States District Court for the District of Minnesota.

Vennemann was properly denied coverage due to a vacancy exclusion clause in the insurance policy. Vennemann appeals, arguing that his property was not vacant for sixty consecutive days before the fire. In the alternative, he contends that a construction exception in the vacancy exclusion clause allows him to recover on his insurance claim. We affirm.

Vennemann purchased a house in New Scandia, Minnesota on July 11, 2000. He insured the house through Badger, a Wisconsin company. On September 13, 2000, the house was damaged by a fire. According to his testimony, Vennemann engaged in sporadic remodeling projects from the date of purchase until the time of the fire. The remodeling consisted of non-structural improvements such as tiling, cleaning, and the installation of a new roof and air conditioning unit. Vennemann never lived in the house; rather, he stayed overnight an average of twice per week during the remodeling process. He kept neither food, nor personal belongings at the house, and electricity was the only utility in service. Although Vennemann moved personal belongings to the house, the record shows that these furnishings were stored in the garage and moved to another location at some point before the fire. The only property damaged in the fire consisted of standard appliances, including a refrigerator, washer, dryer, stove, and dishwasher.

The homeowner's insurance policy contained a clause that denied coverage for losses caused by "vandalism and malicious mischief if the dwelling [was] vacant for more than thirty consecutive days immediately before the loss."[3] An exception in the policy indicated that a dwelling "being constructed" is not considered vacant. In a diversity matter such as this, Minnesota law would generally guide our analysis of substantive issues. Bennett v. Hidden Valley Golf & Ski, Inc., 318 F.3d 868, 874 (8th Cir. 2003) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). However,

---

[3]While the policy contained a thirty-day vacancy exclusion clause, Minn. Stat. § 65A.01, subd. 3, extends the clause to a sixty-day period.

since there is no Minnesota law regarding the interpretation of "vacancy" in the context of a homeowner's insurance policy, we look to the reasoning of other courts for guidance.

The First and Fourth Circuits reject the definition of "vacant" as "devoid of contents" in the context of vacancy exclusion clauses; instead, these circuits focus on the presence or absence of objects or activities customary for the property's intended use. See Langill v. Vermont Mut. Ins. Co., 268 F.3d 46, 48 (1st Cir. 2001) (finding rental property vacant where sparse furnishings and random evening visits by appellant did not "convey the appearance of residential living"); Catalina Enterprises, Inc. v. Hartford Fire Ins. Co., 67 F.3d 63, 66 (4th Cir. 1995) (determining that a warehouse was vacant where the objects left on the premises did not indicate that the building was occupied). Where the insured property is a dwelling, midday work activity does not constitute habitation, and accordingly, a house undergoing daily renovation may still be considered vacant. Langill, 268 F.3d at 48-49. Thus, Vennemann's engagement in various remodeling projects, where he did not reside at the property, does not provide support for his contention that the property was not vacant.

In American Mutual Fire Insurance Co. v. Durrence, 872 F.2d 378, 379 (11th Cir. 1989), the appellant's house was excluded from coverage under the vacancy clause of a homeowner's policy because the house "lacked amenities minimally necessary for human habitation." Like the present case, the house was empty except for a few standard appliances, the utilities had been shut off for about sixty days, and no one resided in the house. Id. In reaching the conclusion that the house was vacant, the court noted that the property was not being used for its intended purpose according to the insurance policy. Id. Here, Vennemann concedes that his house was not being used as a dwelling. While he argues that staying overnight twice per week constitutes occupation of the property, random nighttime occupation does not

preclude a finding of vacancy in the interpretation of a homeowner's insurance policy.  Langill, 268 F.3d at 49.

Furthermore, we agree that predictability is a key factor in the insurance context.  In considering the nature of the hazard to be guarded against in the case of arson, Langill stated that "the sustained presence of a resident, particularly in the hours of darkness, appears logically as the critical factor where the premises are a dwelling."  Id.  A predictable pattern of habitation is significant in the insurance context because "[w]hen a building is not in use, it is more likely that potential fire hazards will remain undiscovered or unremedied." Catalina, 67 F.3d at 66.  Here, Vennemann's random overnight stays and daytime visits do not represent a sustained presence at the dwelling for the purpose of minimizing the risk of arson.

In light of the reasons for the inclusion of a vacancy clause in a homeowner's insurance policy, we hold the district court did not err in finding that Vennemann's property was vacant.  Sporadic nighttime visits and remodeling projects do not "convey the appearance of residential living" and thus, do not constitute effective measures against vandalism. Langill, 268 F.3d at 48. Furthermore, even if Appellant visited the property at random points during the sixty days before the fire, the house was vacant in the sense that it was not being used for its intended purpose as a dwelling.  Id.

Finally, Vennemann's remodeling and refurbishing projects do not qualify his claim for the "being constructed" exception to the vacancy exclusion clause.  One court indicated, and we agree, that the remodeling must consist of "substantial continuing activities" to fall under this exception.  Will Realty Corp. v. Transp. Ins. Co., 492 N.E.2d 372, 373 (Mass. App. Ct. 1986).  By his estimate, Vennemann spent a total of $5000 on various remodeling activities.  The most extensive project was the installation of a new roof, which cost about $3500.  Even if the roof installation is considered "substantial," the fact that the project was completed several weeks before

the fire indicates that it was not a "continuing" activity. Likewise, the smaller projects were discrete, non-structural changes that do not rise to the level of traditional construction activities. Vennemann was cleaning and refurbishing a finished house, and no projects were in progress when the fire occurred. Accordingly, the "being constructed" clause was not meant to extend coverage to relatively minor, individual projects such as those engaged in by appellant.

For the reasons discussed above, we hold that Badger's motion for summary judgment was properly granted. The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.